**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SYLVANIA FREDERICK, III,**

      **Plaintiff,**

**vs.**                     **CASE NO.  4:22-CV-310-WS-MAF**

**UNITED STATES,**
**et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Sylvania Frederick, III, a prisoner proceeding *pro se* but not *in forma pauperis*, filed an amended complaint. ECF No. 8. The amended complaint remains legally insufficient, so much so, that it is unclear whether Plaintiff seeks to pursue a civil rights action pursuant to 42 U.S.C. § 1983 or habeas relief under 28 U.S.C. § 2254. Id. The Court construed Plaintiff's filing liberally under both theories. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nonetheless, for the reasons stated below, the complaint should be dismissed. A brief discussion of the procedural history of this case is warranted.

## I.   Procedural History

Plaintiff filed various motions to initiate this case rather than a valid complaint or petition. ECF Nos. 1 through 4. Plaintiff wants to expunge all his criminal convictions. ECF Nos. 1, 4. Plaintiff claimed to be indigent and requested a hearing and a court-appointed attorney. ECF Nos. 1 through 4. Plaintiff requested copies of various documents including police reports, warrants, affidavits, exhibits, trial transcripts, and jury instructions. ECF No. 2. Plaintiff did not identify any specific criminal cases. Id.

The Court struck Plaintiff's motions as improper. ECF No. 6. Because Plaintiff's claims were so vague, it was difficult to ascertain the nature of his lawsuit. Therefore, the Court provided Plaintiff with the proper forms to file a civil rights action pursuant to Section § 1983 and a federal habeas petition pursuant to Section § 2254. Id. The Court explained the difference between the two actions and ordered Plaintiff to submit the form and provided him with specific instructions including the relevant Rules governing federal proceedings. Id. Additionally, the Court advised Plaintiff to either file a proper IFP application or pay the appropriate filing fee. Id.

Next, Plaintiff filed an amended complaint. ECF No. 8. Then, Plaintiff filed an IFP motion but did not submit the completed prisoner consent form and financial certificate with the signature of the authorized penal official.

ECF No. 9. In addition, Plaintiff informed the Court that, rather than providing the requisite six-month account statement, he would only provide a statement for the one-month period beginning on August 2, 2022. Id. This was impermissible given that Plaintiff has been incarcerated for years.[1] The Court denied Plaintiff's IFP motion and, again, ordered Plaintiff to submit a proper IFP application by October 9, 2022. As of the date of the drafting of this Report, Plaintiff has failed to comply with the Court's orders.

## II.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner, his complaint requires a preliminary review and initial screening 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Pursuant to the statutes, the Court must dismiss a prisoner's complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim or seeks damages from defendants who are immune. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the FDOC's Corrections Offender Network. FDOC's Corrections Offender Network is available at the following URL: http://www.dc.state.fl.us/OffenderSearch/Search.aspx. Accessed: 9/27/2022.

The Court also takes judicial notice of the docket for Palm Beach County Case No. 50-2016-CF-012618. Plaintiff was sentenced to ten years in prison following a guilty plea. Plaintiff was found to be a prison release reoffender.

plausible on its face. Sinaltrainal v Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 556 U.S. at 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'"

<u>Franklin v. Curry</u>, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting <u>Iqbal</u>, 556 U.S. at 678).

## III.    Plaintiff's Amended Complaint, ECF No. 8.

Plaintiff submitted his amended complaint (or petition) on or about September 18, 2022. ECF No. 8. Although Plaintiff had until October 9, 2022, to amend properly, he has failed to do so. <u>See</u> ECF Nos. 7, 10. The amended complaint is insufficient for several reasons.

Plaintiff sues the United States and the State of Florida but attributes no acts or omissions to either defendant. ECF No. 8. The first few pages of the filing are "motions" or "orders." <u>Id.</u> None of the motion-orders contain the signature block as required under N.D. Fla. Loc. R. 5.1(E). The Court previously advised Plaintiff about Local Rule 5.1(E) and using the proper forms. ECF No. 6. Plaintiff also incorrectly styles this case as belonging to the "criminal division" of the Northern District of Florida rather than the civil division. <u>Id.</u> Plaintiff includes "Case No. 50-2016-CF-012618" in the style.[2] Plaintiff does not have any federal criminal convictions. Notably, Plaintiff is

---

[2] In this Palm Beach County case, Plaintiff was convicted of shooting into a building, felon in possession of a firearm or ammunition, and aggravated assault with a firearm. To make further sense of Plaintiff's fillings the Court takes judicial notice of some of Plaintiff's other criminal cases. Plaintiff has several felony convictions in Palm Beach County including Case No. 50-2014-CF-008923, for burglary of a structure or conveyance; and Case No. 50-2014-CF-006184, for two counts of aggravated battery with a deadly weapon.

serving a ten-year prison sentence in the 2016 criminal case.

Despite the Court's prior instructions (ECF No. 6), Plaintiff did not complete the form. Instead, Plaintiff utilized only pages 8 through 21 of a Section 2254 form. ECF No. 8, pp. 6-18. The first seven pages of the form are critical to processing a habeas petition because these sections identify the state criminal case at issue, outline the litigation history of a petitioner's state criminal case, require the petitioner to show whether he met the exhaustion requirement, and require a petitioner to disclose whether he previously challenged his criminal conviction in any federal court. Plaintiff completely omitted these pages.

Plaintiff substituted the required Section 2254 sections with five handwritten "motions" or "orders" that are strikingly similar to the set of impermissible documents that initiated this proceeding. Id., pp. 1-5. The first "order" is a request for counsel. Id., p. 1. The second "order" seeks to initiate depositions as they relate to his criminal conviction and suggests Plaintiff needs a court-appointed attorney. Id., p. 2. The third "order" demands that the Clerk of Court provide Plaintiff with "discovery," specifically, to provide him with copies of the records of criminal proceedings not initiated in this Court. Id., p. 3. Fourth, is an order for a court-appointed attorney and a demand for an evidentiary hearing relating to his conviction for the

possession of firearm or ammunition. Id., p. 4. Plaintiff's fifth "motion" "order," again, demands a court-appointed attorney and states that he shall amend his complaint by October 4, 2022.[3] Id., p. 5.

On the form pages, Plaintiff repeatedly "claims" he wants to "advocate, ex[pu]nge, and dismiss the criminal charges." Id., p. 6. Plaintiff makes somewhat conflicting statements: he is either currently attempting to raise his claims on direct appeal, did not raise the issue in a Rule 3.850 motion, and maintains that his claims need to be raised on appeal. Id., pp. 6-11. Plaintiff says he exhausted his remedies by filing grievances with the FDOC, though that is an improper course of action to challenge a criminal conviction. Id., p. 12. Plaintiff checked both "yes" and "no" to the question of whether he currently has any petition or appeal currently pending as they relate to his claims. Id., p. 15.

Plaintiff ignored the Court's directives. As of the drafting of this Report, Plaintiff did not submit a legally sufficient complaint, did not file a proper IFP application, and did not pay the filing fee. Dismissal is appropriate.

## IV. Discussion

Plaintiff's filling is legally insufficient. The Court gave Plaintiff the

---

[3] The Court gave Plaintiff until October 9, 2022, to properly amend his complaint on the proper form in accordance with the Court's directives. ECF Nos. 7, 10, and 12.

opportunity to correct the identified deficiencies, but he did not do so. Each issue is discussed below.

A. Plaintiff's Requests for Court-Appointed Counsel are DENIED.

As a preliminary matter, the Court previously denied Plaintiff's requests for counsel. ECF No. 10. Denial of the renewed motions remains appropriate because "[a] plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). According to the *in forma pauperis* statute, 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute, however, does not allow the court to require or "appoint" an unwilling attorney to represent an indigent litigant. See Mallard v. U.S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 301-02 (1989) (noting Congress used the word "request" in § 1915 not the word "assign" or "appoint").

A litigant requesting counsel must make two threshold showings: (1) that he made a genuine effort to secure counsel himself and (2) that his case presents exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982); Bass, supra. The Eleventh Circuit has looked to the factors outlined in Ulmer for guidance in determining if exceptional circumstances warranted appointment of counsel. See Smith v. Fla. Dep't of Corr., 713 F.3d

1059, 1065 (11th Cir. 2013) (unpublished but recognized as persuasive authority); see also, e.g., Neal v. Cassiday, 511 F. App'x 865-66 (11th Cir. 2013). Those factors include: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. See Ulmer, 691 F.2d at 213 (cited with approval in Smith, supra, Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990), and Neal, supra).

Here, Plaintiff has not demonstrated that exceptional circumstances warrant the appointment of counsel in this case or that he made a genuine effort to secure counsel. The instant case, despite Plaintiff's insistence, is a *civil case* not the original criminal case. He is not entitled to counsel. Furthermore, the procedural posture of this case is also relevant. Plaintiff did not comply with the Court's orders to file a legally sufficient complaint and to submit a proper IFP application or to, alternatively, pay the requisite filing fee. Plaintiff's request for counsel is **DENIED**.

B. Plaintiff's Motions for Discovery are DENIED.

Plaintiff seeks copies of the court documents and other discovery within his state criminal case. This Court is not the appropriate forum to make

such a request. The records Plaintiff seeks are not the property of the United States District Court for the Northern District of Florida nor are they related to any criminal case here, but, rather, are altogether located in a different jurisdiction, namely, Palm Beach County. Plaintiff should submit his records requests to the proper court in which he received his criminal convictions. Accordingly, Plaintiff's request is **DENIED**.

C. <u>Failure to Follow Court Orders</u>

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." <u>Id.</u> Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. <u>See</u> <u>Freeze v. Sec'y, Dep't of Child. and Fams.</u>, 825 F. App'x 606, 610 (11th Cir. 2020) (citing <u>Moon v. Newsome</u>, 863 F.2d 835, 839 (11th Cir. 1989)).

The undersigned gave Plaintiff the opportunity to correct the

deficiencies found in his filing, to submit a proper IFP application, and to pay the filing fee. Plaintiff has ignored the court orders and submitted filings completely contrary to the Court's directives. ECF Nos. 8, 9. Such defiance to this Court's orders need not be tolerated. Id. Dismissal is appropriate.

## V.    Dismissal Will Not Prejudice Plaintiff

Dismissal of the instant case will not prejudice Plaintiff. If Plaintiff decides he wants to challenge the validity of his conviction, he may do so by initiating a new case with a properly completed Section 2254 petition, following the exhaustion of state remedies, including direct appeals, and any requisite state habeas petitions and appeals thereof. Along with the petition, Plaintiff is required to submit a $5 filing fee or, alternatively, file a proper and complete IFP application. Plaintiff is advised that he has one year from the date his conviction is final to file a federal habeas petition.

However, if Plaintiff decides that he wants to pursue a civil rights action pursuant to Section 1983, in which he alleges the violation of his constitutional rights, he may do so by initiating a new case with a properly completed Section 1983 complaint form, following the exhaustion of state remedies. Along with the form, Plaintiff is required to submit a $402 filing fee or, alternatively, file a proper and complete IFP application.

Still, Plaintiff should be aware of the futility of pursuing a Section 1983 action challenging a criminal conviction which has not been invalidated by the state. A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). The most obvious example of an action barred by Heck is one in which the plaintiff seeks relief directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. Heck, 512 U.S. at 487.

## VI.    Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1 and that

the case be **CLOSED**. Accordingly, an evidentiary hearing is unwarranted.

Additionally, Plaintiff's requests for a court-appointed attorney and for copies of records and discovery relating to his criminal conviction in Palm Beach County are **DENIED**.

**DONE AND ORDERED** this 20th day of October, 2022.

<u>**s/ Martin A. Fitzpatrick**</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).